UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL

| | |
|---|---|
| **THE PHELAN GROUP LLC,**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**MERCEDES-BENZ GROUP AG,**<br><br>     **Defendant.** | **Case No. 2:23-cv-00607-JRG** |

**MERCEDES-BENZ GROUP AG'S**
**MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

STATEMENT OF THE ISSUES ................................................................................... iv

INTRODUCTION ........................................................................................................... 1

I.      LEGAL STANDARD ........................................................................................ 1

II.     ARGUMENT ..................................................................................................... 4

        A.     Phelan Fails to Support Its Direct Infringement Allegations with Facts Sufficient to Make Them Plausible ......................................................... 4

        B.     Phelan Fails to State a Plausible Claim for Indirect Infringement .......... 8

        C.     Phelan Fails to State a Plausible Claim for Willful Infringement ........... 9

        D.     Phelan Fails to State a Plausible Claim for Pre-suit Damages .............. 10

III.    CONCLUSION ............................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat v. Bombardier Recreational Prods., Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ("*Arctic Cat I*") ........................................................... 3, 10, 11

*Arctic Cat v. Bombardier Recreational Prods., Inc.*,
  950 F.3d 860 (Fed. Cir. 2020) ("*Arctic Cat II*") ........................................................................ 3

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ..................................................................................................... 2, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................................. 2, 4

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................... 3, 8

*Chapterhouse LLC v. Shopify, Inc.*,
  No. 2:18-cv-00300, 2018 WL 6981828 (E.D. Tex. Dec. 10, 2018) ................................. 6, 7, 8

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015) .................................................................................................................. 3

*Core Optical Techs., LLC v. Juniper Networks Inc.*,
  562 F. Supp. 3d 376 (N.D. Cal. 2021) ...................................................................................... 3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) .......................................................................... 9

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek Inc.*,
  424 F.3d 1293 (Fed. Cir. 2005) ................................................................................................. 3

*Crown Packaging Tech. Inc. v. Rexam Beverage Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009) ................................................................................................. 3

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
  No. 2:23-CV-00311-JRG, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024) ............................ 4, 5

*Diem LLC v. BigCommerce, Inc.*,
  No. 6:17-cv-186, 2017 WL 9935521 (E.D. Tex. May 11, 2017) .......................................... 2, 5

*Dunlap v. Schofield*,
  152 U.S. 244 (1894) ................................................................................................................ 11

*Finjan, Inc. v. Cisco Sys., Inc.*,
 No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017) ...................................... 10

*Fractus, S.A. v. TCL Corp.*,
 No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) ........................ 2, 7, 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 579 U.S. 93 (2016) ......................................................................................................... 3, 10

*Maxwell v. J. Baker, Inc.*,
 86 F.3d 1098 (Fed. Cir. 1996) .............................................................................................. 11

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
 No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. Jun. 28, 2016) ............................................ 5

*Semcon IP Inc. v. Kyocera Corp.*,
 No. 2:18-CV-00197-JRG, 2019 WL 1979930 (E.D. Tex. May 3, 2019) ................................. 4

*Thompson v. City of Waco*,
 764 F.3d 500 (5th Cir. 2014) .................................................................................................. 2

*Vstream Techs., LLC v. PLR IP Holdings, LLC*,
 No. 6:15-cv-974-JRG-JDL, slip op. (E.D. Tex. Aug. 24, 2016) ................................... 1, 2, 4, 6

**Statutes**

35 U.S.C. § 287 .............................................................................................................. 3, 4, 11

35 U.S.C. § 287(a) ................................................................................................................. 11

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1

## STATEMENT OF THE ISSUES

1. Whether Phelan's Amended Complaint against MBGAG should be dismissed in its entirety pursuant to Rule 12(b)(6) because Phelan has failed to sufficiently state a claim of direct patent infringement with facts to make its allegations plausible.

2. Whether Phelan's Amended Complaint against MBGAG should be dismissed as to indirect infringement pursuant to Rule 12(b)(6) because Phelan has failed to state a plausible claim of both knowledge of the patents and specific intent to encourage infringement by others.

3. Whether Phelan's Amended Complaint against MBGAG should be dismissed as to willful infringement pursuant to Rule 12(b)(6) because Phelan has failed to state a plausible claim of both knowledge of the patents and the requisite intent or requisite conduct to be a willful infringer.

4. Whether Phelan's Amended Complaint against MBGAG should be dismissed as to pre-suit damages pursuant to Rule 12(b)(6) because Phelan has failed to plead compliance with Section 287 of the Patent Act.

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Mercedes-Benz Group AG ("MBGAG") moves to dismiss Plaintiff The Phelan Group's ("Phelan") Amended Complaint ("Amended Complaint" or "FAC") for failure to state a claim for which relief may be granted.

> ". . . Plaintiff has not pled sufficient factual allegations to plausibly suggest its claims for patent infringement. Although Plaintiff has identified a long list of Defendants' allegedly infringing products, ***the key to patent infringement is not just identifying those products, but identifying how those products allegedly infringe the Asserted Patent claims***. . . . [T]here is no information in the FAC even attempting to tie the accused products to the overall technology described by the Asserted Patents, let alone tying the accused products to the claims of the Asserted Patents."

*Vstream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7 (E.D. Tex. Aug. 24, 2016) (emphasis added). This is exactly the situation at bar, where Phelan's Amended Complaint lists more than twenty accused product features and seven Asserted Patents, but makes no attempt to connect the features to the asserted patents' claims. As a result, Phelan has not provided MBGAG with fair notice of Phelan's claims against it, and dismissal of the Amended Complaint is warranted.

Phelan's Amended Complaint should be dismissed additionally for failure to state a claim of indirect and willful infringement. With no plausible allegation of direct infringement, no claim for indirect infringement can stand. Furthermore, Phelan has not pleaded that MBGAG had knowledge of its patents, either through marking or otherwise.

For these and the following reasons, MBGAG urges this Court to dismiss the Amended Complaint.

**I.     LEGAL STANDARD**

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to "give the defendant fair notice of what the

1

. . . claim is and the grounds upon which it rests" warrants dismissal of the complaint. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 502 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "mere possibility of misconduct" is not enough. *See Iqbal*, 556 U.S. at 679.

Particularly in the patent context, the sufficiency-of-pleadings requirement is intended to permit early dismissal of facially baseless claims. *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *3 (E.D. Tex. June 2, 2021). To that end, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly v*, 550 U.S. 557–59. That a plaintiff may soon submit infringement contentions is irrelevant to this analysis. *Fractus*, 2021 WL 2483155, at *3.

The key to patent infringement is not just identifying accused products – failure to identify **how** those products allegedly infringe the Asserted Patent claims warrants dismissal of the complaint. *Vstream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7. "Plaintiff must put Defendant on plausible notice of the claims Defendant may need to defend agains[t] by identifying a representative claim from the [asserted patents] and providing facts sufficient to create a plausible inference that **each element** of the claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added). "[M]ere recitation of claim elements and

2

corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the *Iqbal/Twombly* standard." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021).

"[L]iability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.,* 575 U.S. 632, 639 (2015) (quotation omitted). Liability for contributory infringement likewise requires that a defendant "knew that the combination for which its components were especially made was both patented and infringing." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek Inc.,* 424 F.3d 1293, 1312 (Fed. Cir. 2005) (quotation omitted).

Enhanced damages such as for willful infringement is a "punitive or vindictive sanction" generally reserved for "egregious cases of infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016). Such culpability is "generally measured against the knowledge of the actor at the time of the challenged conduct." *Id.* at 105.

When a patent plaintiff asserts claims other than method claims, 35 U.S.C. § 287 limits damages to infringing activity occurring after marking an article with the patent number, or providing actual notice to potential infringers. *Crown Packaging Tech. Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1310 (Fed. Cir. 2009); *but see Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 380 (N.D. Cal. 2021) (arguing that Section 287 should apply regardless of the type of patent claim). A plaintiff has the burden to plead compliance with Section 287. *Arctic Cat v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). Such compliance runs with a patentee's licensees. *Arctic Cat v. Bombardier Recreational Prods., Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"). Where a patentee or its licensees make or sell a patented article and fail to mark in accordance with Section 287, the

patentee cannot collect damages until it provides actual notice, and then only for the period after notification or suit has occurred. *Id.*

## II.     ARGUMENT

Phelan's Amended Complaint falls far below the pleading standard required under *Iqbal* and *Twombly*, and myriad opinions from this Court, all requiring a Complaint to put a defendant on notice of what products are alleged to infringe and an example of how such infringement has occurred. Having failed to clearly identify accused products and then provide an element-by-element matching between the accused products and an exemplary claim from each patent asserted, to plausibly allege knowledge and intent to support indirect or willful infringement, and to allege compliance with Section 287 of the Patent Act, Phelan's Amended Complaint does not put MBGAG on fair notice and state a plausible claim for relief, and must be dismissed.

### A.     Phelan Fails to Support Its Direct Infringement Allegations with Facts Sufficient to Make Them Plausible

"A claim of literal infringement requires a showing that each and every limitation set forth in a claim appear in the accused product." *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *2-3 (E.D. Tex. Mar. 20, 2024) (cleaned up, quoting *Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-CV-00197-JRG, 2019 WL 1979930, at *2 (E.D. Tex. May 3, 2019)). By not tying any accused system to any claim of the Asserted Patents, the Amended Complaint fails to provide fair notice and must be dismissed. *Vstream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7.

The Asserted Patents include 131 claims, all but 18 of which are system claims having variations of the following language:

> a driver authentication and monitoring system comprising:
>     a <u>master control unit</u> in a motor vehicle for authenticating [a driver] …; and
>     a <u>slave control unit</u> in a motor vehicle … configured

> to <u>receive commands</u> from said master control unit and
> to <u>generate an alarm signal</u> … and
> <u>govern mechanical operations of said vehicle remotely</u>…

*See* U.S. Pat. No. 9,045,101 cl. 1 (emphasis added). The Amended Complaint does not attempt to identify a "master control unit" or "slave control unit" in the accused systems or otherwise tie the accused products to the claim language.

The Amended Complaint describes no fewer than 26 separate product features[1] that allegedly infringe seven Asserted Patents. *See* FAC ¶ 44, 54-56. This is followed by conclusory boilerplate statements that the Accused Products infringe each of the Asserted Patents. But because at no point does it provide factual support for these averments explaining how any of the accused features meet "each and every element of at least one claim" of any asserted patents, the Amended Complaint fails to provide "fair notice." *CyboEnergy*, 2024 WL 1219725, at *2. Indeed, the Amended Complaint does not even explain how the accused features meet even a single ***limitation*** of any claim. *Diem LLC BigCommerce, Inc.*, 2017 WL 9935521, at *2; *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *4 (E.D. Tex. Jun. 28, 2016) (plaintiff's "direct infringement pleadings [were] constructed upon a fatally flawed foundation" when even one limitation was not plausibly alleged). The Amended Complaint supplies neither claim charts nor any prose describing an alleged connection between any of accused features and

---

[1] These accused features include Mercedes Intelligent Drive, Driver Assistance Package & Driver Assistance Package Plus, Drive Pilot, Mercedes me connect, Mercedes mbrace, Active Distance DISTRONIC, DISTRONIC PLUS with Steering Assist and Stop & Go Pilot, Brake Assist System with Cross-Traffic Assist, Active Lane Keeping Assist, Adaptive Highbeam Assist, Attention Assist, PRESAFE Brake and Brake Assist Plus, LED Intelligent Light System, PRESAFE Plus, Active Distance Assist DISTRONIC, Adaptive Highbeam Assist Plus, Night View Assist, Night View Assist Plus, PRESAFE, PRESAFE Plus, Active Brake Assist with Cross-Traffic Function, Active Emergency Stop Assist, Active Speed Limit Assist, Active Blind Spot Assist, and Active Lane Change Assist, which Phelan allege were present in the discontinued 2019 Mercedes-Benz GLC. FAC ¶¶ 44, 54-56.

5

any of the 131 asserted claims of the Asserted Patents. Nowhere at all does the Amended Complaint "identify[] how those products allegedly infringe the Asserted Patent claims," or otherwise "t[ie] the accused products to the claims of the Asserted Patents." *Vstream*, 6:15-cv-974, slip op. at 7.

By way of example, the Amended Complaint avers that "Mercedes Connect Services . . . provides driver authentication and monitoring and controlling of usage of Mercedes-Benz vehicles . . ." and that MBGAG "employs Mercedes Connect Services as an authorization method(s) [sic]." FAC ¶¶ 48-49. Does this describe a master control unit? A slave control unit? The Amended Complaint does not say. It continues, "Mercedes ADAS Services provides [sic] monitoring and operational control of Mercedes-Benz vehicles." FAC ¶ 53. Is this describing a slave control unit? Are the Mercedes ADAS Services "in communication with" and "receiv[ing] commands from" a master control device, itself meeting any claim limitations? Again, the Amended Complaint is silent. In fact, the phrases "master control unit" or "slave control unit" do not appear anywhere in the Amended Complaint at all.

Instead, the Amended Complaint offers only the conclusory statement that a car equipped with the accused features "meets each and every element of one or more claims of the Patents-in-Suit, including at least claim 1 of each of the Patents-in-Suit." FAC ¶ 45. "Such a statement, on its own, is a mere conclusory statement, and in order to pass the *Iqbal Twombly* standard, there must be accompanying factual allegations." *Chapterhouse LLC v. Shopify, Inc.*, No. 2:18-cv-00300, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 10, 2018). But instead of providing factual allegations tying the accused systems to the asserted claims, the Amended Complaint supplies only a single sentence incorporating a laundry list of disjointed verbiage from the claims of the asserted patents:

6

> 46. The 2019 Mercedes-Benz GLC equipped with [the accused features] includes a suite of systems, features, and/or technology for driver authentications, active safety technologies and ADAS designed to help address accident protection, including inter alia, preventing or mitigating collisions and enhancing safe driving, data recordation, including time and speed, alarm generation, specified operational parameters, and operational control of the vehicle including when operational parameters are violated.

FAC ¶ 46.[2] The Amended Complaint then states that the 26 accused features contain the concepts in the passage above, without specificity to any claim limitations. *See* FAC ¶¶ 48, 49, 51-53, 57.

But again, at no point does the Amended Complaint identify a "slave control unit" or "master control unit" in any accused system. Far from "essentially paraphrasing the claim language in describing the accused products," *Fractus*, 2021 WL 2483155, at *3, the Amended Complaint ignores the structures and steps denoted in the claims completely.

The silence from the Amended Complaint as to how the accused features allegedly meet the claims leaves MBGAG with even less information than was provided by the plaintiff in *Chapterhouse*, which at least provided the claim language and a screenshot alleged to demonstrate the product meeting the claim language. *Chapterhouse, LLC v. Shopify, Inc.*, 2018 WL 6981828, at *2. There, this Court correctly concluded, as it must also here, that a "Plaintiff must further allege how the [averments] meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met." *Id.* No such averments are alleged.

Having presented no claim language Phelan alleges is infringed, let alone explaining "each limitation," the Amended Complaint must be dismissed. *See id.*

---

[2] Notably, the Asserted Patents have nothing to do with active safety technologies, ADAS, accident protection, or mitigating collisions.

### B. Phelan Fails to State a Plausible Claim for Indirect Infringement

Phelan's Amended Complaint must also be dismissed as to indirect infringement for failure to state a plausible claim. FAC ¶¶ 66-68, 75-77, 84-86, 93-95, 102-104, 111-113, 120-122. As it does for the allegations of direct infringement, the Amended Complaint merely repeats in each count the same allegation that MBGAG has acted "with specific intent to encourage infringement" that appears, without any factual support specifying what acts MBGAG committed giving rise to liability or intent. *Id.* Indeed, these boilerplate paragraphs are near verbatim to the counts lodged against defendants Toyota (No. 2:23-cv-00093, Dkt. No. 1 at ¶¶ 62, 71, 80, 89, 98, 107), Kia (No. 2:23-cv-00094, Dkt. No. 1 at ¶¶ 50, 59, 68, 77, 86, 95), State Farm (No. 2:23-cv-00611, Dkt. No. 1 ¶¶ 40, 50), and Honda (No. 2:23-cv-00606, Dkt. No. 1 at ¶¶ 69, 78, 87, 96, 105, 114, 123), without any allegation that the five parties share any operative facts. Falling far below the requirements to plead indirect infringement, these claims must be dismissed.

At the outset, Phelan fails to allege any pre-suit knowledge of the patents to possibly give rise to the requisite intent. Instead, Phelan's Amended Complaint merely reads that MBGAG became aware of the Asserted Patents "no later than the date this Complaint was served." FAC ¶¶ 65, 74, 83, 92, 101, 110, 119. The claim of indirect infringement can and should be dismissed as to pre-suit activity on these naked assertions alone.

But because the allegations of "specific intent" to encourage infringement are made without a single supporting allegation of even knowledge of the patents, let alone encouragement to infringe, Phelan's Amended Complaint is also doomed as to post-Complaint activity as well. Again, Phelan's Amended Complaint includes only mere "recitation of claim elements and corresponding conclusions, without supporting factual allegations, and is thus insufficient to satisfy the *Iqbal/Twombly* standard." *Bot M8*, 4 F.4th at 1355; *Chapterhouse*, 2018 WL 6981828, at *2 ("Such a statement, on its own, is a mere conclusory statement, and in order to pass the *Iqbal*

8

*Twombly* standard, there must be accompanying factual allegations."). Because Phelan "fail[s] to allege any facts identifying, even at a basic level," how MBGAG allegedly induces customers to use any products in an infringing manner, Phelan's allegations are insufficient. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015).

Finally, Phelan's Amended Complaint may be dismissed as to contributory infringement for the same reasons. The Amended Complaint fails to allege any facts supporting Phelan's charge that the Accused Products, "when installed in a vehicle according to their natural and intended purpose, are especially made or especially adapted," to infringe, without "substantial noninfringing use." FAC ¶¶ 68, 77, 86, 95, 104, 113, 122. In fact, the Amended Complaint teaches away from that conclusion. Though ADAS is neither mentioned, nor a feature of the Asserted Patents, the Amended Complaint explains that the Accused Products are mainly ADAS systems. *See* FAC ¶¶ 44, 55-56. It even describes several of the Accused Products with their typical, noninfringing use, *e.g.* varying headlamps to prevent causing glare to other drivers, and anticipating a collision to take mitigating action. *See* FAC ¶¶ 55-56. Therefore, the Amended Complaint itself belies that the accused products were especially made or adapted to infringe. But even if it were plausible, Phelan's failure to include any factual basis or explanation for its allegations warrants dismissal. *See Core Wireless,* 2015 WL 4910427, at *5.

### C. Phelan Fails to State a Plausible Claim for Willful Infringement

Phelan is apparently seeking enhanced damages for willful infringement. *See, e.g.*, FAC ¶ 3 ("Phelan Group seeks past and future damages and prejudgment and post judgment interest for Defendant's infringement of the Patents-in-Suit."); *Id*., ¶ 69, 78, 87, 96, 105, 114, 123 ("At least since the date upon which MBGAG learned of the [Asserted Patents], Mercedes-Benz has willfully infringed the [Asserted Patents]"); FAC Prayer for Relief, *Id.*, ¶ D (requesting treble damages for MBGAG's alleged willful infringement.).

Again, as an initial matter, Phelan fails to allege that MBGAG knew of the Asserted Patents before the Complaint was served and fails to articulate a date upon which MBGAG allegedly learned of the patents. *See* FAC ¶¶ 66-68, 75-77, 84-86, 93-95, 102-104, 111-113, 120-122. As culpability is "generally measured against the knowledge of the actor at the time of the challenged conduct," this is not enough to sustain a claim for pre-suit willful infringement. *HaloElecs.*, 579 U.S. at 105.

Further, for both the pre-suit and post-suit portions of the claim, the Amended Complaint does not include any allegation that MBGAG had the requisite intent or committed the requisite conduct to be a willful infringer. It is not sufficient to allege only notice of the patent asserted without any allegations demonstrating or inferring culpable conduct. *See Fractus,* 2021 WL 2483155, at *4 (dismissing willful infringement claim where the complaint alleges only notice and notice of the patents-in-suit but "does not allege any culpable conduct or any set of facts supporting an inference of culpable conduct"); *see also Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. Jun. 7, 2017) (dismissing Plaintiff's willful infringement claim because, inter alia, the complaint failed to make sufficient factual allegations that Defendant's behavior was "egregious . . . beyond typical infringement" (internal quotation marks omitted)).

Here, Phelan does not plead any facts describing how MBGAG's conduct is egregious beyond the alleged typical infringement. Phelan's conclusory allegation that MBGAG has "willfully infringed" does not provide sufficient detail to plausibly infer that MBGAG has engaged in deliberate or intentional culpable conduct of any kind. *See Fractus,* 2021 WL 2483155, at *4. Accordingly, Phelan's willful infringement claim should be dismissed in its entirety.

### D.  Phelan Fails to State a Plausible Claim for Pre-suit Damages

Section 287(a) is strict: a patentee must mark its articles or notify infringers of its patent in order to recover damages. *Arctic Cat I*, 876 F.3d at 1365; *see also* 35 U.S.C. § 287(a) ("In the

event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.").

Despite its allegation that it has been "actively developing and commercializing products under the brand name RideBeside," and that these products are "based on the inventions disclosed in the Phelan Group's patents," FAC ¶ 29, Phelan has neither alleged compliance with Section 287, nor alleged that it gave MBGAG actual notice of the patents. Pleading that it has complied with § 287(a)'s marking requirements lies squarely within the patent plaintiff's duty. *Arctic Cat I*, 876 F.3d at 1366 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)). If the patentee has complied with § 287(a), it is expected to plead as such because compliance is "a matter peculiarly within [its] own knowledge." *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894).

Without any such allegation, Phelan's claim for pre-suit damages should be dismissed.

## III.   CONCLUSION

For the foregoing reasons, MBGAG respectfully requests that the Court dismiss Phelan's Complaint in its entirety.

11

Dated: July 3, 2024                          Respectfully submitted,

By: */s/ Celine J. Crowson*

**POTTER MINTON PC**
Michael E. Jones (SBN: 10929400)
Shaun William Hassett (SBN: 24074372)
102 N College, Suite 900
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 531-3939
Email: mikejones@potterminton.com
Email: shaunhassett@potterminton.com

**HOGAN LOVELLS US LLP**
Celine J. Crowson
Joseph J. Raffetto
Damon M. Lewis
Scott A. Hughes
555 Thirteenth St, NW
Washington, DC 20004
Tel: (202) 637-5703
Fax: (202) 637-5910
Email: celine.crowson@hoganlovells.com
Email: joseph.raffetto@hoganlovells.com
Email: damon.lewis@hoganlovells.com
Email: scott.hughes@hoganlovells.com

*Counsel for Defendant*
*Mercedes-Benz Group AG*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 3rd day of July, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/   <u>Celine J. Crowson</u>*

Celine J. Crowson
