# Exhibit 1

Hogan Lovells

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

May 23, 2024

Andrew G. DiNovo
DiNovo Price LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731

Re:     The Phelan Group, LLC v. Mercedes-Benz Group AG, No. 2:23-cv-00607-JRG (E.D. Texas)

Dear Mr. DiNovo:

We represent Mercedes-Benz Group AG (MBGAG) in the above-referenced action, in which The Phelan Group LLC ("Phelan") has asserted infringement of several related United Stated Patents: Nos. 9,045,101, 9,493,149, 9,908,508, 10,259,465, 10,259,470, 11,352,020, and 11,472,427 (the "Asserted Patents"). We have reviewed the Asserted Patents as well as your Amended Complaint of February 19, 2024, and note several problems with both.

First, MBGAG is a German company lacking any presence in the United States. Paragraph 38 of your Amended Complaint, states that "Mercedes-Benz AG controls the global business of Mercedes-Benz Cars & Mercedes-Benz Vans…." MBGAG is **not** Mercedes-Benz AG – the two are two separate companies. Moreover, neither Mercedes-Benz AG nor MBGAG control the distribution and sale of Mercedes-Benz vehicles in the United States, and Phelan alleges no factual support to the contrary.

Second, and more significantly, we are unable to discern from the patent specifications and claims or the Amended Complaint what Mercedes-Benz product is accused of infringement, or how the claims could be read such that a Mercedes-Benz product is covered. Your complaint mentions no fewer than 26 different features: Mercedes Intelligent Drive, Driver Assistance Package & Driver Assistance Package Plus, Drive Pilot, Mercedes me connect, Mercedes mbrace, Active Distance DISTRONIC, DISTRONIC PLUS with Steering Assist and Stop & Go Pilot, Brake Assist System with Cross-Traffic Assist, Active Lane Keeping Assist, Adaptive Highbeam Assist, Attention Assist, PRESAFE Brake and Brake Assist Plus, LED Intelligent Light System, PRESAFE Plus, Active Distance Assist DISTRONIC, Adaptive Highbeam Assist Plus, Night View Assist, Night View Assist Plus, PRESAFE, PRESAFE Plus, Active Brake Assist with Cross-Traffic Function, Active Emergency Stop Assist, Active Speed Limit Assist, Active Blind Spot Assist, and Active Lane Change Assist. Amended Complaint ¶¶ 44, 54-56. In fact, many of these were features of Mercedes vehicles many years before the date to which the Asserted Patents claim priority. Mercedes pioneered many of these features as the first OEM to place them in customer series vehicles. See, e.g., https://group.mercedes-benz.com/innovation/product-innovation/technology/accident-free-driving.html);

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Berlin Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

https://www.edmunds.com/mercedes-benz/e-class/2007/review.  That these systems were available before Phelan filed the Asserted Patents is readily ascertainable from public information that your pre-filing diligence should have discovered.

Next, each of the approximately 130 claims of the Asserted Patents requires (among several other things) a pair of devices in communication with each other, where a first device authenticates a driver and controls a second device, the second device in turn governing the mechanical operation of a vehicle. The Amended Complaint does not explain how any of the at least 26 features contain these structures, or any of the other structures required to practice any of the 130 plus asserted claims. Nor do the descriptions of any of the accused features in your Amended Complaint track the language of any of the 130 plus claims. **In essence, the Amended Complaint states simply that MBGAG has some cars, and Phelan has some patents.** This is insufficient to enable MBGAG to investigate so as to defend itself in this litigation.

To state a claim for patent infringement, a patent plaintiff must plead how at least one claim of each asserted patent is met by the accused products. That Phelan has failed to do so leaves us with the concern that Phelan has *not* performed the requisite pre-complaint investigation under Rule 11 before filing its complaint against MBGAG. Indeed, this belief is bolstered by the fact that the Amended Complaint includes accusations against systems that clearly predate the Asserted Patents – a fact a reasonable inquiry would have uncovered.

The Amended Complaint being clearly deficient, Phelan must promptly inform MBGAG as to how the claims are met by the accused systems. If Phelan cannot, we urge you to withdraw the Amended Complaint before more significant litigation costs are incurred by either party. Otherwise, MBGAG will be forced to seek remedies available to it, including seeking its fees for unnecessary litigation.

Best regards,

Damon M. Lewis
Partner